# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN R. DAMERON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1230**  (BOR Appeal No. 2049489)
                    (Claim No. 2013032201)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin R. Dameron, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 30, 2014, in which the Board affirmed a May 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 13, 2013, decision rejecting Mr. Dameron's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the instant appeal, Mr. Dameron alleges that he injured his neck while hanging curtain in an underground coal mine on May 21, 2013. On May 22, 2013, Mr. Dameron sought treatment with Rachel Stover, FNP-BC, who noted that he complained of neck pain, neck stiffness, and muscle aches in the cervical spine. She diagnosed Mr. Dameron with cervicalgia and muscle spasms. Ms. Stover's treatment notes make no mention of the alleged May 21, 2013, injury. On May 28, 2013, Mr. Dameron sought treatment with Michael Muscari, D.O., who noted that he reported injuring his neck on April 8, 2013, when he struck his head on the canopy

1

of a mine shuttle car. On June 13, 2013, the claims administrator rejected Mr. Dameron's application for workers' compensation benefits based upon a finding that he has failed to establish that he sustained an injury in the course of and resulting from his employment.

On October 31, 2013, Colin Milam Jr., Brody Mining's human resources manager, authored an affidavit. Mr. Milam stated that on May 22, 2013, Mr. Dameron's wife telephoned the company dispatcher to report that Mr. Dameron was being taken to the emergency room because he was "dehydrated". Mr. Milam further stated that Mr. Dameron did not report to work on May 23, 2013, or May 24, 2013, but failed to notify his employer that he would be absent. Mr. Milam stated that following the unexcused absences, the operations manager requested a meeting with Mr. Dameron to discuss his failure to report the absences. Mr. Milam noted that Mr. Dameron next reported to work on May 27, 2013, but was sent home and told not to report to work until he had spoken with the operations manager. He further stated that Mr. Dameron waited until he was told to return home to report the alleged May 21, 2013, injury.

Mr. Dameron authored an affidavit on February 10, 2014. In his affidavit, Mr. Dameron maintains that he was unable to work from May 22, 2013, through May 27, 2013, as a result of a neck injury that occurred on May 21, 2013. However, he admits that when he sought treatment from Ms. Stover on May 22, 2013, he did not report sustaining a specific neck injury and was instead seeking treatment for general neck pain.

In its Order affirming the June 13, 2013, claims administrator's decision, the Office of Judges held that Mr. Dameron has failed to demonstrate that he sustained an injury in the course of and resulting from his employment on May 21, 2013. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated October 30, 2014. On appeal, Mr. Dameron asserts that the evidence of record demonstrates that he injured his neck in the course of and resulting from his employment on May 21, 2013, and is therefore entitled to workers' compensation benefits arising from the May 21, 2013, injury.

The Office of Judges noted that the medical evidence of record makes no mention of an injury occurring on May 21, 2013. As was noted by the Office of Judges, Mr. Dameron reported to Dr. Muscari an alleged neck injury that occurred on April 8, 2013. However, Dr. Muscari never mentions the alleged May 21, 2013, injury. Moreover, while acknowledging that he reported to Dr. Muscari that he sustained a work-related injury on April 8, 2013, Mr. Dameron has specifically requested that this Court enter a finding of compensability for an injury allegedly occurring on May 21, 2013, of which there is no medical evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II